UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHENER GREENIDGE,

                        Plaintiff,          **MEMORANDUM DECISION AND ORDER**

                  18-CV-4067 (BMC) (ST)

      -against-

NEW YORK CITY DEPARTMENT OF
PROBATION,

                    Defendant.
-----------------------------------------------------------------X
**COGAN, District Judge**:

      Plaintiff *pro se* Shener Greenidged alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) to 2000e-17 ("Title VII"). Plaintiff's request to proceed *in forma pauperis* was denied and she was directed to either submit an amended application, or pay the statutory filing fee of $400.00. Plaintiff has submitted an amended application to proceed *in forma pauperis,* which is hereby granted. For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is, however, granted leave to file an amended complaint within twenty (20) days of the date of this Memorandum and Order.

## BACKGROUND

      Plaintiff submits her complaint on a court-supplied form, attaches an extensive number of exhibits, and states "please see attached" when prompted to explain the facts of her case. From these exhibits, the Court ascertains that plaintiff was employed by the New York City Department of Probation as a client and community service clerical aide from June 2016 until the termination of her employment on August 17, 2017. Plaintiff alleges that during the course of her employment she was harassed and bullied by a coworker. Plaintiff later discovered that said coworker was allegedly the daughter of the Assistant Commissioner of Human Resources and Labor Relations. Although plaintiff checks the box on the employment discrimination form to

1

indicate that she was discriminated pursuant to Title VII, she fails to indicate whether she was discriminated against based on her race, color, gender, or religion, or any combination thereof. On April 20, 2018, the Equal Employment Opportunity Commission ("EEOC"), issued plaintiff a Dismissal and Notice of Rights, which indicates that based upon its investigation, the EEOC is unable to conclude that the information obtained established a violation of the statutes.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. at 678-79. Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (stating that Rule 8 requires a plaintiff's pleading to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); King v. Boys' Club of New York, No. 18-CV-2921.2018 WL 2324062, at *2 (E.D.N.Y. May 22, 2018).

The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. 678.

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). It does not prohibit discrimination based solely on favoritism arising from a familial relationship. Cf. Harris v. New York City Dept. of Homeless Services Eligibility Investigation Unit, No. 97-cv-0432, 1998 WL 205334, at *7 (S.D.N.Y. April 28, 1998) ("[E]ven if Sullivan hired Renee Jones as a Clerical

3

Associate and had given her the day shift as a result of their friendship, doing so would not suggest discriminatory animus against [the plaintiff]). Rather, a plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." Vega v. Hempstead Union School Dist., 801 F.3d 72, 86-87 (2d Cir. 2015); Chowdhury v. Sadovnik, No. 17 CV 2613), 2017 WL 4083157, at *3 (E.D.N.Y. Sept. 14, 2017).

Even under the most liberal construction of plaintiff's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. See Littlejohn v. City of New York, 795 F.3d 310 (2d Cir. 2015) (an employment discrimination complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face); Simpson v. MTA / N.Y.C. Transit Auth., No. 16 CV 3783, 2016 WL 8711077, at *4 (E.D.N.Y. Aug. 26, 2016) (dismissing plaintiff's Title VII discrimination claim where complaint lacked sufficient facts to support a plausible inference that her race was a motivating factor for the discrimination); Khaleel v. Swissport USA, Inc., No. 15 CV 4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) (dismissing Title VII discrimination claim and noting that "[e]ven under the most liberal interpretation of [the plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status"). Plaintiff seems to think that she can sue because a co-employee was not stopped from harassing her because the co-employee enjoyed a favored status based on her family connection with her supervisor. But federal law does not prohibit favoring family members.

## CONCLUSION

Accordingly, plaintiff's complaint, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, she is granted twenty (20) days leave to amend her complaint in accordance with this Memorandum and Order. See Cruz v. Gomez, 202 F.3d 593, 597998 (2d Cir. 2000). Plaintiff's amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that her former employer discriminated against her in violation of Title VII. If available, plaintiff should include a complete copy of the charge of discrimination that she filed with the EEOC. Plaintiff cannot rely on exhibits or other documents to replace a statement of her claim.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order. The Clerk of Court is directed to forward an employment discrimination form complaint to Plaintiff with this Order. If plaintiff elects not to file an amended complaint, or fails to do so in a timely manner, judgment shall enter. No summons shall issue at this time and all further proceedings shall be stayed for 20 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       August 19, 2018